IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICKY BLOUNT, | : |
| Plaintiff | : |
| VS. | : |
| Officer KEARSE and Sheriff JAMIL SABA, | : NO. 1:07-CV-19 (WLS) |
| Defendants | : |
| _____ : | **ORDER TO SUPPLEMENT COMPLAINT** |

Plaintiff **RICKY BLOUNT**, an inmate at Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is **ORDERED** that hereafter plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. BACKGROUND

Plaintiff names as defendants in this action Sheriff Jamil Saba and Detention Officer Kearse. Plaintiff alleges that on December 21, 2006, he was returned to the Dougherty County Jail for a court appearance in Dougherty County, Georgia.[1]  Upon his arrival at the jail, plaintiff alleges that Officer Kearse, pursuant to Sheriff Saba's orders, confiscated all of plaintiff's legal materials that plaintiff needed to "perfect his defense" in his pending criminal case. Plaintiff files this action seeking $150,000 in damages against each defendant for denying him access to the courts.

## II. ORDER TO SUPPLEMENT

Prisoners have a constitutional right of access to the courts. ***Bounds v. Smith***, 430 U.S. 817 (1977). But in ***Lewis v. Casey***, 116 S. Ct. 2174 (1996), the Supreme Court greatly limited ***Bounds*** by making clear that although a prisoner has a right of access to courts, to state a valid claim he must allege an actual injury. ***Id.*** at 2177-79. To prove actual injury, the prisoner must demonstrate that the alleged violation hindered his efforts in presenting a non-frivolous claim concerning his conviction or conditions of confinement. ***Id.*** at 2181. The right of access to the courts extends only as far as protecting a prisoner's ability to present pleadings in a nonfrivolous (1) criminal trial or appeal, (2) habeas proceeding, or (3) section 1983 case challenging the condition of his confinement. ***Id.*** at 2181-82; ***Wilson v. Blankenship***, 163 F.3d 1284 (11th Cir. 1998).

Upon initial review of plaintiff's complaint, the Court finds that additional information is

---

[1] According to the Georgia Department of Corrections' website, plaintiff was sentenced in 1992 to life imprisonment for cocaine possession. He was released in 2004 and apparently re-arrested in 2006.

needed before a proper evaluation of his allegations can be made. Accordingly, plaintiff is instructed to supplement his complaint by stating in detail:

> (1) the case name and type of criminal proceeding (*e.g.*, a probation revocation relating to the 1992 conviction or a new criminal case) that was allegedly impaired as a result of plaintiff's inability to access his legal materials;
>
> (2) whether plaintiff was appointed counsel in said case;
>
> (3) the specific way plaintiff was hindered in the case and how such injury would have been avoided had his legal materials not been confiscated; and
>
> (4) the ultimate disposition of the charge(s) against plaintiff, including whether plaintiff pled guilty.

To the extent it is possible, plaintiff should include with his supplement any and all documents relating to each claim.

### III. NOTICE

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claim. The Court will review the supplement to determine whether plaintiff's claim may go forward and which, if either, defendant should be served with a copy of the complaint. If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 30th day of January, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE