IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| RICKY BLOUNT, | : | |
| Plaintiff | : | |
| VS. | : | NO. 1 : 07-CV-19 (WLS) |
| Sheriff JAMIL SABA and Officer Kearse, | : | PROCEEDINGS UNDER 42 U.S.C. §1983 |
| Defendants | : | BEFORE THE U. S. MAGISTRATE JUDGE |

# **RECOMMENDATION**

Currently pending in this *pro se* prisoner 42 U.S.C. § 1983 action is defendants' motion for summary judgment (doc. 31). Plaintiff Ricky Blount was notified of the filing of the motion (doc. 34) and advised of the importance of filing a response thereto. He requested an extension of time which was granted (doc. 38 ); that extension of time has now passed without plaintiff's having filed a response of any kind to the motion. Even though plaintiff has failed to respond to defendants' motion, it is the obligation of the court to ensure that the requirements for summary judgment are met before judgment can be entered.

In his complaint, Plaintiff Blount alleges that on December 6, 2006, he was returned to the Dougherty County Jail for a court appearance on pending criminal charges. He avers that defendant Officer Kerce, the intake officer, pursuant to the instructions of defendant Sheriff Saba, confiscated all of his legal materials, and that he was thereby denied access to the courts. Plaintiff then filed the instant federal lawsuit on or about January 19, 2007.

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992)(citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When the nonmoving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the nonmoving party's claim, or by pointing to specific portions of the record which demonstrate that the nonmoving party cannot meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-608 (11th Cir. 1991).

The existence of material disputed facts will not defeat summary judgment in favor of a public official, however, when the plaintiff "fails to make a showing sufficient to establish the existence of an element essential to [plaintiff's] case, and on which [plaintiff] will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Denial of Access to the Courts*

It is now established beyond doubt that prisoners have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977).   "[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a "constitutional prerequisite." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996).

--

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. *See* Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir.1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action. *See id.* at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *See id.* at 1446.

Plaintiff Blount filed this lawsuit some five weeks after the incident in question. According to his original and supplemental complaints, he had pending in Dougherty County Superior Court criminal charges of Theft by Deception, Theft by Taking, and Theft by Receiving. He states that he was representing himself in the cases, as appointed counsel had been dismissed due to his ineffectiveness (Plaintiff is unclear whether the court dismissed counsel or he did).

Plaintiff claims that the case was still pending due to the denial of access to the courts by defendants. However, the defendants have submitted as evidence a copy of the dismissal of the charges against Plaintiff. The district attorney submitted a motion to *nolle prosequi* the three theft charges against Plaintiff on December 22, 2006, which was granted by the presiding judge on December 27, 2006. (Exhibit B doc. 32). Apparently, the charges were dismissed because Plaintiff's parole had already been revoked on October 23, 2006, and he was serving a life sentence accordingly.

Plaintiff has failed to allege how he was denied access to the courts during the three week period from the time his legal materials were allegedly confiscated and the pending charges against him were dismissed. He has also failed to provide any evidence that his case was adversely impacted by his inability to access his legal materials during that three week period of time. In fact, as defendants have provided proof that those charges were dismissed against him three weeks after his legal materials were confiscated, it is difficult to imagine that Plaintiff can make such a showing. Plaintiff has failed to come forward with evidence that shows there is a material issue of fact.

--

*Failure to Exhaust Administrative Remedies*

Additionally, defendants assert that Plaintiff Blount failed to exhaust his administrative remedies prior to filing this federal action. Section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available," as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

Alexander v. Hawk, 159 F.3d 1321, 1324 (11th Cir. 1998).

Exhaustion of administrative remedies is a precondition to the filing of a §1983 suit in federal district court. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir.2001) (per curiam). See also Lyons v. Serrano, 205 Fed. Appx. 719, (11th Cir. 2006).

According to the affidavit of the Jail Administrator Col. McGinley, Plaintiff Blount never filed a grievance while he was at the Dougherty County Jail Facility regarding the confiscation of his legal materials. (Exhibit E, Doc. 32). In fact, plaintiff filed this lawsuit only five weeks after the alleged confiscation of his legal materials took place, leaving him little time to complete the grievance process. His original and supplemental complaints indicate that he never filed a grievance.[1]  Thus, it appears that plaintiff Blount failed to exhaust his administrative remedies prior to filing the instant lawsuit.

---

[1] Plaintiff alleges that he asked for a grievance and was told to fill out an inmate request form. He does not allege that he ever accomplished that nor the result of the request if it had been filed.

--

In light of the foregoing, IT IS RECOMMENDED that the motion for summary judgment filed herein by the defendants be GRANTED.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN TEN (10) DAYS** of receipt thereof.

**SO RECOMMENDED**, this 13th day of NOVEMBER, 2009.



                                                                      CLAUDE W. HICKS, JR.
                                                                      UNITED STATES MAGISTRATE JUDGE

msd

--